# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL LYNN PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:14-cv-01180-STA-cgc |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE DECISION OF THE COMMISSIONER

Plaintiff Michael Lynn Parker filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("Act") and an application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act. Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on January 24, 2013. On April 2, 2013, the ALJ denied the claim. The Appeals Council subsequently denied his request for review. Thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing."[1] The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7]

Plaintiff was born on May 13, 1963, and has a high school education. He alleges disability due to back, knee, neck, hip, shoulder problems, carpel tunnel, sleep apnea, high blood pressure, and obesity. His last job involved picking up heavy equipment and transformers.

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ made the following findings: (1) Plaintiff met the insured status requirements through December 31, 2014; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: obstructive sleep apnea, degenerative joint disease (knee), disorders of the back, status post rotator cuff injury, and obesity; but he does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he is limited to demands of unskilled work; (5) Plaintiff is unable to perform his past relevant work; (6) Plaintiff was a younger individual with a high school education on the alleged onset date; (7) transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is not disabled whether or not he has transferable job skills; (8) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; (9) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[8]

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[9] The claimant bears the ultimate burden of establishing an entitlement to benefits.[10] The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to

---

[8] R. 11 – 17.

[9] 42 U.S.C. § 423(d)(1).

[10] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

demonstrate the existence of available employment compatible with the claimant's disability and background.[11]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[12]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[13] Here, the sequential analysis proceeded to the fifth step with a finding that, although Plaintiff cannot perform his past relevant work, a substantial number of jobs exists in the national economy that he can perform.

Plaintiff argues that substantial evidence does not support the ALJ's findings. He specifically argues that the ALJ erred by improperly weighing the medical evidence and by improperly assessing his credibility. Plaintiff's arguments are not persuasive.

---

[11] *Id.*

[12] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[13] 20 C.F.R. § 404.1520(a).

Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c). Under the treating physician rule, an ALJ must give controlling weight to the opinion of a claimant's treating physician if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."[14] The term "not inconsistent" is meant to convey that "a well-supported treating source medical opinion need not be supported directly by all of the other evidence, (i.e., it does not have to be consistent with all the other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion."[15]

If an ALJ decides that the opinion of a treating source should not be given controlling weight, the ALJ must take certain factors into consideration when determining how much weight to give the opinion, including "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source."[16] Any decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[17]

---

[14] 20 C.F.R. § 404.1527(c)(2).

[15] Soc. Sec. Rul. 96–2P, 1996 WL 374188 at *3 (July 2, 1996).

[16] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

[17] Soc. Sec. Rul. 96–2P, 1996 WL 374188 at *5 (July 2, 1996).

Generally, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination,[18] and an opinion from a medical source who regularly treats the claimant is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship.[19] In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."[20] Opinions from nontreating sources are not assessed for "controlling weight." Instead, these opinions are weighed based on specialization, consistency, supportability, and any other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion.[21] State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions.[22]

In the present case, Plaintiff has not pointed to any reports or opinions from his treating physicians suggesting that he has limitations greater than those imposed by the ALJ. Therefore, there is no dispute that the ALJ adequately weighed the opinions of Plaintiff's treating physicians.

---

[18] 20 C.F.R. § 404.1502, 404.1527(c)(1).

[19] *Id.* § 404.1502, 404.1527(c)(2).

[20] Soc. Sec. Rul. No. 96–6p, 1996 WL 374180 at *2.

[21] 20 C.F.R. § 404.1527(c).

[22] *See* 20 C.F.R. § 404.1527(e)(2)(i); Soc. Sec. Rul. 96-6p, 1996 WL 374180, 61 Fed. Reg. 34,466-01 (July 2, 1996).

The ALJ gave significant weight to the opinion of consultant Dr. Deborah Webster-Clair that Plaintiff retained the ability to perform light work, although he rejected Dr. Webster-Clair's reaching limitation on the ground that it was not supported by the longitudinal record. The ALJ also looked at the consultative report from consultant Leonard Hayden, M.D., who examined Plaintiff in November 2010. This opinion was rendered prior to Plaintiff's surgery, and the ALJ found that the record suggested limitations beyond those found by Dr. Hayden; therefore, he properly gave the opinion less weight.

Substantial evidence supports the weight given to the medical evidence and opinions in the record and the evaluation of Plaintiff's physical residual functional capacity. The ALJ properly determined that Plaintiff could perform light unskilled work, and Plaintiff has failed to show that he is otherwise more limited.

A claimant's credibility comes into question when his "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence."[23] To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record."[24] This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying,"[25] although the ALJ's credibility finding must find support in the record.

---

[23] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

[24] *Id.*

[25] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

In assessing Plaintiff's credibility, the ALJ pointed out that Dr. Hayden noted that Plaintiff made a "very questionable attempt" at performing clinical tests, like twisting his back, and appeared to "not be giving his full effort" during squatting testing.[26] The ALJ could properly rely on evidence of exaggeration as a factor negatively impacting Plaintiff's credibility.[27]

Dr. Scott Johnson criticized Plaintiff for failing to attend prescribed physical therapy that Dr. Johnson felt would have resolved Plaintiff's shoulder complaints.[28] Plaintiff's failure to follow treatment that would have resolved his complaints also supports the ALJ's negative credibility finding.[29]

The ALJ noted that Plaintiff had blamed his shoulder problems for his inability to work, but Plaintiff worked for several years after a series of shoulder surgeries in 2007 and 2008.[30] During his hearing, Plaintiff admitted that he had been fired from his last job because he had

---

[26] R. 339.

[27] *See Jones v. Astrue*, 2008 WL 4552478 at *15 (M.D. Tenn. Oct. 7, 2008) (exaggerated complaints with symptom magnification among credibility factors properly considered by ALJ).

[28] R. 367.

[29] *See Ranellucci v. Astrue*, 2012 WL 4484937 at *4 (M.D. Tenn. July 12, 2012), *report and recommendation adopted*, 2012 WL 4484922 (M.D. Tenn. Sept. 27, 2012) (citing failure to follow treatment as one of several credibility factors).

[30] R. 27, 164.

fallen asleep on the job.[31] The ALJ could consider evidence that Plaintiff left his last job because he was fired rather than because of his alleged impairments.[32]

The Court finds no error in the ALJ's credibility determination because Plaintiff did not provide objective medical evidence to establish the intensity and persistence of his alleged symptoms, and the record as a whole does not indicate that his condition was of disabling severity. Although Plaintiff presented objective medical evidence of an underlying medical condition and the ALJ found that his impairments could reasonably cause the kind of limitations alleged by Plaintiff, Plaintiff's statements about the intensity, persistence, and limiting effect of his alleged symptoms were not entirely credible because they were inconsistent with the evidence of record. The ALJ carefully considered the record as a whole, including Plaintiff's work history, treatment history, and evidence that he failed to give full effort during medical examinations. Accordingly, the ALJ's credibility determination is supported by substantial evidence.

At step five, the Commissioner must identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity and vocational profile.[33] The Commissioner may carry this burden by applying the medical-vocational grids[34] which directs a conclusion of "disabled" or "not disabled" based on the claimant's age and education and on

---

[31] Plaintiff told the ALJ that he had sleep apnea that caused sleepiness, but he did not submit any treatment records for this condition. R. 27.

[32] *See O'Neill v. Colvin*, 2014 WL 3510982 at *23 (N.D. Ohio July 9, 2014) ("The ALJ also noted that the records indicated that Plaintiff reported that he was laid off from his job and filed for disability because his unemployment compensation ran out, while other records indicated that Plaintiff reported that he quit his job because of back pain.").

[33] *Jones*, 336 F.3d at 474.

[34] 20 C.F.R. Pt. 404, Subpt. P, App. 2.

whether the claimant has transferable work skills.[35] The grids take administrative notice of a significant number of unskilled jobs a claimant can perform given his residual functional capacity.[36] Here, the grids direct a finding of not disabled for a person of Plaintiff's age, education, work history, and residual functional capacity.[37] Accordingly, substantial evidence supports the ALJ's determination that Plaintiff was not disabled, and the decision of the Commissioner is **AFFIRMED**.

    **IT IS SO ORDERED.**

                                     **s/ S. Thomas Anderson**
                                     S. THOMAS ANDERSON
                                     CHIEF UNITED STATES DISTRICT JUDGE

                                     Date:   June 21, 2017.

---

[35] *Wright v. Massanari*, 321 F.3d 611, 615 (6th Cir. 2003); *Burton v. Sec'y of Health & Human Servs.*, 893 F.2d 821, 822 (6th Cir. 1990).

[36] *See* 20 C.F.R. part 404, subpart p, appendix 2, § 200.00(b); Social Security Ruling 85-15, 1985 WL.

[37] *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.21.